UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAVEL G. STEPANOV,<br><br>                    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A., a foreign corporation licensed to do business in Washington; et al.,<br><br>                    Defendants. | No. C09-1382Z<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiff's Motion to Remand, docket no. 6. Having considered the papers filed in support of and in opposition to the motion, the Court now enters the following Order.

**I.    Background**

On September 21, 2009, Plaintiff Pavel Stepanov sued the following Defendants in state court: (1) JP Morgan Chase Bank, N.A., (2) Washington Mutual Bank, (3) Kobay Financial Corporation ("Kobay"), (4) Emerald City Escrow ("Emerald), (5) Vladislav Baydovskiy, and (6) Donata Baydovskiy. On September 30, 2009, a Notice of Removal was filed by "Defendants JP Morgan Chase Bank, N.A., and JP Morgan Chase Bank, N.A., as acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver." Notice of Removal, docket no. 1, at 1. Plaintiff now moves to remand the case to state court.

ORDER -1-

## II. Discussion

Plaintiff moves to remand, arguing that JP Morgan Chase Bank, N.A. ("Chase") filed a defective notice of removal.[1] "Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citing Hewitt v. City of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986)); see also Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 680 (9th Cir. 2006) ("[A]ll defendants must agree to removal."). "This general rule applies, however, only to defendants properly joined and served in the action." Emrich, 846 F.2d at 1193 n.1; Salveson v. Western States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal). Thus, there is a "non-served defendant" exception to the general rule that all defendants must agree to removal.

Plaintiff argues that Chase's notice of removal is defective because three other defendants did not join in the notice of removal, and those defendants were served in the case prior to Chase's September 30, 2009 removal. Plaintiff has filed returns of service for Defendants Kobay (i.e., Victor Kobzar) and the Baydovskiys, showing that they were served on September 29, 2009. Returns of Service from King County Sheriff, docket no. 10. Plaintiff argues that Chase cannot take advantage of the "non-served defendants" exception to the general rule because Kobay and the Baydovskiys were, in fact, served at the time of removal.

Chase does not dispute that it failed to obtain the consent of Kobay and the Baydovskiys. Chase opposes remand based on the fact that the state court docket does not reflect service upon any defendant. Def.'s Resp., docket no. 7, at 3:22; Stines Decl., docket no. 8, Ex. A. Chase argues that it could rely on the state court docket to determine whether

---

[1] The Court declines to grant Plaintiff's motion to remand based upon the assertion that this Court lacks federal subject matter jurisdiction. Such an argument is baseless in light of Plaintiff's allegations of claims under the federal statutes of TILA and RESPA. Compl. at 4.

ORDER -2-

other defendants had been served at the time of removal, and it relies on a 1949 case in support of its argument. See Driscoll v. Burlington-Bristol Bridge Co., 82 F. Supp. 975, 984-85 (D.C.N.J. 1949) ("Since the petitioners had no information from the official record that other defendants had been served on December 9, 1948 at 9:45 a.m. they were justified in disregarding the other defendants in filing their petition for removal").

The only case on-point that has cited Driscoll, since it was entered in 1949, declined to follow it. See Davis v. Rollins Leasing Corp., 1994 WL 285056 (E.D. La. 1994) (granting motion to remand and denying Rollins' motion to supplement and amend their removal petition). In Davis, Defendant Rollins Leasing Corporation ("Rollins") failed to obtain the consent for removal of Defendant Ford Motor Corporation ("Ford") even though Ford had been served nine days prior to the filing of the notice of removal. 1994 WL 285056 at *1. The Davis Court addressed the issue of "whether Rollins' failure to learn that Ford had been served with the Davis lawsuit excuses their failure to get Ford's consent to removal." Id. at *2. The Davis Court declined to apply the non-served defendant exception because the record before the Court on the motion to remand was clear that Ford's agent had been served on April 13, 1994, nine days prior to the April 22, 1994 removal. Id. The Davis Court put the burden on Rollins, the removing party, to establish the basis for removal. Id. ("Rollins cites no authority for support on the point that a defendant's mistake regarding service of process triggers application of the non-served defendant exception.").

The Court follows Davis and declines to apply the non-served defendant exception because the record before the Court is clear that Kobay and the Baydovskiys were served prior to removal.

### III. Conclusion

The Court GRANTS Plaintiff's motion to remand. The Court DENIES Chase's request for additional time to confirm service on the other defendants and obtain their written consent to maintain this action in federal court. See Def.'s Resp. at 4:10-12. To grant

ORDER -3-

1 | Chase's request would be to extend the statutory time period for removal, which is thirty
2 | days from the September 24, 2009 date upon which service of Chase occurred.  See 28
3 | U.S.C.
4 | § 1446(b).
5 |      Plaintiff is directed to file any motion for attorney fees within ten days of the entry of
6 | this Order.
7 |      IT IS SO ORDERED.
8 |      DATED this 23rd day of November, 2009.

/s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge

ORDER -4-